UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED

97 DEC 22 AM 10

...COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV 97-S-2548-M |
| | ) | |
| SHARI JONES, | ) | |
| | ) | |
| Defendant. | ) | |

ENTERED

MEMORANDUM OPINION

DEC 2 2 1997

Essex Insurance Company issued a policy of casualty insurance purporting to cover a building located at 220B Rainbow Drive in Rainsville, Alabama.    The named insured on that policy was Rainsville Church Pew Company.    A fire destroyed the insured structure on December 27, 1996. Defendant, Shari Jones, thereafter made a claim for benefits under the policy, alleging she was the sole proprietor of Rainsville Church Pew Company.  Essex filed this declaratory judgment action, seeking a determination of its duties and obligations to Shari Jones.

Jones moves to dismiss the complaint.  She argues: (1) the joinder of allegedly indispensable parties would destroy the diversity jurisdiction on which this action is based; (2) this court should decline to exercise jurisdiction under the Declaratory Judgment Act; and, (3) this court should abstain from deciding this action, because it would have the effect of enjoining a state court proceeding.  Upon consideration of the pleadings and briefs, the court concludes that defendant's second argument is well taken, and will decline jurisdiction.

10

## I.   BACKGROUND

Shari Jones utilized Companies Agency of Alabama, Inc. ("CAI") to procure insurance coverage for the subject structure.   In turn, CAI requested that Keith D. Peterson and Company, Inc. obtain coverage from Essex Insurance Company.   Thereafter, Essex issued a policy of insurance for the period of August 27, 1996 to August 27, 1997.   The property was destroyed on December 27, 1996.

After the fire, Shari Jones made a claim for benefits under the policy, but  Essex denied coverage on April 18, 1997.   When counsel for CAI requested that Essex reconsider that decision, Essex reaffirmed the denial on July 30, 1997.   Thereafter, Shari Jones retained local counsel who initiated negotiations with counsel for Essex by telephone on or about September 1, 1997.   In a reply letter of September 8, 1997, counsel for Essex advised that a counter-claim would be filed if Jones instigated litigation against Essex.

Jones' local counsel then associated Richard D. Stratton, the attorney who filed the present motion to dismiss.   Stratton and counsel for Essex discussed the matter on September 18, 1997.   The following day, Stratton advised Essex by letter that all settlement offers were withdrawn.   Three business days later (September 24, 1997), Essex commenced the present action seeking a declaration that it owes no coverage to Jones.   Jones commenced her own action in the Circuit Court of Jefferson County, Alabama five days later, on September 29, 1997.   That action charges Essex, CAI, Keith D. Peterson and Company, and their agents with a bad faith refusal to

2

pay a valid insurance claim, breach of contract, fraud, negligence, and civil conspiracy.

## II.   DISCUSSION

### A.   Introduction

This court has jurisdiction pursuant to 28 U.S.C. § 1332: plaintiff Essex is a corporate citizen of Virginia; defendant Jones is a resident of Alabama; and, the amount in controversy exceeds $75,000. Nevertheless, before entertaining a declaratory judgment action, the court also must find that a justiciable case and controversy exists. *See Great Lakes Dredge & Dock Company v. Ebanks,* 870 F. Supp. 1112, 1114 (S.D. Ga. 1994)("Before entertaining a declaratory judgment action, the Court must find that the situation presents a justiciable case or controversy").

> There is little difficulty in finding an actual controversy if all of the acts that are alleged to create liability already have occurred.   The court is then merely asked, as in any litigation, to determine the legal consequences of past events and it is immaterial that it may be the one allegedly liable, rather than the person to whom [he or she] would be liable, who asks for the judicial determination.   The problem is when declaration is sought on the legal consequences of some act that may or may not occur.

*Angora Enterprises v. Condominium Association of Lakeside Village,* 796 F.2d 384, 387 (11th Cir. 1986).   There is an actual controversy in the present case, because the act that is alleged to create liability under the insurance agreement — the destruction of the structure situated at 220B Rainbow Drive in Rainsville, Alabama —

3

has occurred.  The court is not required to speculate about any acts that may or may not occur.[1]

This court therefore has both jurisdiction and authority to hear the controversy.  Even so, Jones asks this court to decline jurisdiction, because all issues necessarily will be resolved in her pending state court action.

## B.   Deference to State Court Proceedings

A federal court may decline to exercise jurisdiction when resolution of the controversy by state courts would better serve the interests of federalism and comity.  *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14-15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983).   The Federal Declaratory Judgment Act vests a district court with discretion to determine whether to entertain an action for declaratory relief: a court "may declare the rights and other legal relations of any interested party seeking this declaration."    28 U.S.C. § 2201; *see also Wilton v. Seven Falls Company*, 515 U.S. 277, 286, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995)("We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'").

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty to grant a new form of relief to qualifying litigants.  Consistent with

---

[1]Essex relies upon Aetna Life Ins. Co. of Hartford Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), to argue that this court should retain jurisdiction. Haworth, however, simply found that a justiciable case or controversy existed, and made no comment on a district court's discretion to decline jurisdiction under the Declaratory Judgment Act.

4

> the nonobligatory nature of the remedy, a district court
> is authorized, in the sound exercise of discretion, to
> stay or to dismiss an action seeking a declaratory
> judgment before trial or after all arguments have drawn
> to a close. In the declaratory judgment context, the
> normal principle that federal courts should adjudicate
> claims within their jurisdiction yields to considerations
> of practicality and wise judicial administration.

*Wilton v. Seven Falls Company*, 515 U.S. at 286, 115 S.Ct. at 2143
(footnote omitted).

## C. Principles and Factors Guiding a District Court's Decision

The Supreme Court's rationale for exercising discretion is
based on three principles: (1) federal courts should avoid
needlessly determining issues of state law; (2) litigants should be
discouraged from filing declaratory judgment actions as a means of
forum shopping; and (3) federal courts should avoid duplicate
litigation. *Continental Casualty Company v. Robsac Industries*, 947
F.2d 1367 (9th Cir. 1991)(discussing *Brillhart v. Excess Insurance
Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)).

There is no exclusive list of factors to guide a district
court in "the sound exercise of its discretion," but the Supreme
Court has noted that:

> Ordinarily it would be uneconomical as well as vexatious
> for a federal court to proceed in a declaratory judgment
> suit where another suit is pending in a state court
> presenting the same issues, not governed by federal law,
> between the same parties.

*Wilton v. Seven Falls*, 515 U.S. at 282, 115 S.Ct. at 2140 (quoting
*Brillhart v. Excess Insurance Co. of America*, 316 U.S. at 495, 62
S.Ct. at 1175-76). Additionally, the Supreme Court has suggested:

> Where a district court is presented with a claim
> such as was made here, it should ascertain whether the

5

> questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Brillhart v. Excess Insurance Co. of America*, 316 U.S. at 495, 62 S.Ct. at 1176.

### 1.   Avoiding Needless Determination of State Law

This action requires the needless determination of issues of state law, because all relevant issues must be resolved in the parallel state court action. Jones' state action addresses the same coverage issues presented to this court, because she seeks to recover for bad faith.[2]

> The elements of an action against an insurance company for bad faith refusal to pay a claim are:
>
> > (a) an insurance contract between the parties and a breach thereof by the defendant;
> > (b) an intentional refusal to pay the insured's claim;
> > (c) the absence of any reasonably legitimate or arguable reason for that refusal ...
> > (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
> > (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's

---

[2]Essex argues: "Rainbow Church Pew Company, as the named insured, has standing to bring such claims against Essex. However, Ms. Jones, individually, does not. Rainbow Church Pew Company is not a party to the declaratory judgment action. As pointed out previously, the nature of the state court claim is completely different from that of the declaratory judgment action." (Opposition to motion to dismiss at 10.) If Essex's "standing" argument is correct, then there is no need to pursue the present declaratory judgment action. Jones' state court action will be dismissed, and there will be no need to determine if Essex is under an obligation to pay her for the loss.

6

> intentional failure to determine whether there
> is a legitimate or arguable reason to refuse
> to pay the claim.

*Loyal American Life Insurance Company, Inc. v. Mattiace*, 679 So. 2d

229, 234-35 (Ala. 1996)(omissions in original)(emphasis supplied).

Essex's primary argument is that "Shari Jones individually was the

owner of the structure that was destroyed, and that Rainbow Church

Pew Company had no ownership interest in the burned structure."

(Complaint ¶ 6 at 2.)   Consequently:

> Essex avers that there is no coverage under the
> aforementioned policy of insurance for the fire for which
> the defendant, Shari Jones, has made claim.
> Specifically, Essex avers that because Rainbow Church Pew
> Company had no ownership interest in the burned
> structure, the defendant, Shari Jones, has no insured
> interest under the policy for which she has made claim
> for insurance proceeds.

(Complaint ¶ 7 at 2 (emphasis supplied).)

In the alternative, Essex contends there is no coverage under

the policy by virtue of the following "acts or omissions" of Shari

Jones:

> a.   Defendant willfully concealed or misrepresented the
> existence of protective safeguards;
>
> b.   Defendant failed to notify Essex of an increase in
> hazard, namely that a sock mill was being operated within
> the building in dispute;
>
> c.   Defendant failed to sign and return her sworn
> statement [taken in connection with Essex's investigation
> of the claim];
>
> d.   Defendant failed to purchase and install protective
> safeguards, as required by the policy.

(Amended Complaint ¶ 7 at 4-5.)

7

Each coverage issue presented by Essex requires this court to determine if there was a "reasonably legitimate or arguable reason for" refusing Shari Jones' claim. The state court easily can make the same determinations in deciding a motion for summary judgment on the bad faith claim. *See Continental Casualty Company v. Fuscardo*, 35 F.3d 963, 968 (4th Cir. 1994)(finding state court "fully capable" of resolving coverage issues).

### 2. Discouraging Forum Shopping

By dismissing this action, this court also is discouraging litigants from filing declaratory judgment actions as a means of forum shopping. A district court may decline to entertain a declaratory judgment action when the action was filed in apparent anticipation of a parallel state proceeding. *See Ven-Fuel, Inc. v. Department of Treasury*, 673 F.2d at 1195 (11th Cir. 1982).[3]

Obviously, Essex denies forum shopping. Yet, Essex negotiated with Shari Jones for more than nine months, and elected to commence this action only four days after she withdrew all settlement offers. Jones did not say "I'm going to file a complaint on September 29, 1997," but the specter of litigation could not have been more clear. Rather than waiting for Jones to file in state

---

[3]In *Ven-Fuel*, the Government notified Ven-Fuel that, if it did not pay a certain penalty "forthwith," the Government would institute judicial proceedings to collect the penalty. The following day, in apparent anticipation of the Government's action, Ven-Fuel filed a declaratory judgment action in United States District Court. One week later, the Government filed its promised civil action. The district court declined to entertain the declaratory judgment action after determining the action was filed in apparent anticipation of the Government's action. The Eleventh Circuit proclaimed that such a determination was within the allowable discretion of the court.

8

court, Essex filed a pre-emptive, first-strike in the United States
District Court for the Northern District of Alabama.[1]

Anticipatory suits are disfavored, because they are but one
aspect of forum-shopping. *See Mission Insurance Company v. Puritan
Fashions Corporation*, 706 F.2d 599 (5th Cir. 1983). The wholesome
purpose of a declaratory judgment is aborted when it is used as an
instrument of procedural forum fencing. *See American Automobile
Insurance Company v. Freundt*, 103 F. 2d 613, 617 (7th Cir. 1939).
The remedy should not be utilized for the purpose of anticipating
the trial of an issue in a court of coordinate jurisdiction.

> A declaratory judgment is not a mechanism to furnish
> a new choice of tribunals or to draw into federal courts
> the adjudication of causes properly cognizable by the
> courts of the states. Moreover, the declaratory remedy
> is not a tactical device whereby a party who would be a
> defendant in a coercive action may choose to be a
> plaintiff if he can beat the other party to the
> courthouse.

*Casualty Indemnity Exchange v. High Croft Enterprises, Inc.*, 714 F.
Supp. 1190, 1193 (S.D. Fla. 1989)(citations omitted).

---

[1]Essex argues that this court should not exercise its discretion because
there was no pending state court action at the time it filed its federal
complaint. Apparently, Essex is confused by those cases finding that a court
should consider whether "there is a pending state court action in which all of
the matters in controversy may be fully litigated." *E.g.*, United Insurance
Company of America v. Harris, 939 F. Supp. 1527, 1533 (M.D. Ala. 1996). The word
"pending," as used by those cases, does not mean "pending at the time the federal
action was commenced." Rather, courts simply should consider whether a separate
state court action exists which could resolve the dispute. *See* Brillhart v.
Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)(no
pending state court action at time that federal declaratory judgment action
commenced); Ven-Fuel v. Department of Treasury, 673 F.2d 1194 (11th Cir.
1982)(declaratory judgment action dismissed even though state court action
commenced one week after federal action); *see also* Granite State Insurance
Company v. Tandy Corporation, 986 F.2d 94 (5th Cir. 1992)(declaratory judgment
action dismissed even though state court action commenced twenty one days after
federal action).

### 3.   Avoiding Duplicate Litigation

Dismissing this action also serves *Brillhart*'s third purpose, avoiding duplicative litigation.

> The hornbook law about hearing or dismissing declaratory judgment actions tends to be written in highly general terms....
> Case law has given these general principles a somewhat more specific meaning in the context of insurance disputes. Courts have consistently refused to entertain a declaratory judgment action about insurance coverage when a tort action could resolve the same factual issues.   This practice prevents duplicative proceedings, may allow the insured his choice of forum, and avoids the danger of inconsistent judgments.

*Metropolitan Property & Liability Insurance Company v. Kirkwood*, 729 F.2d 61, 62-63 (5th Cir. 1983)(citations omitted).

Proceeding with this action undoubtedly will produce duplicative proceedings, and possibly inconsistent results.   Thus, in refusing to entertain this action, this court avoids "the possibility of two interpretations of the same policy language in different courts...."   *Lumbermens Mutual Casualty Company v. Connecticut Bank & Trust Company*, 806 F.2d 411, 414 (2d Cir. 1986).

Courts have discouraged "the use of the declaratory action ... as a means to provide another arena for a race for res judicata." 6A Moore's Federal Practice ¶ 57.08[5] at 57-50 (1983).   Deferring to the state action eliminates any *res judicata* concerns and also is consistent with the interests of comity.

> Filing a declaratory judgment action in federal court to resolve state-law issues currently pending in a state court is certainly a peculiar and uneconomical manner of resolving disputes, and any judgment rendered by this Court would hardly accord appropriate deference to the state court in the interests of comity.

*Bagdan v. Sony Corporation of America,* 767 F. Supp. 61, 63 (D. Vt. 1991).

Essex relies heavily upon *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330 (11th Cir. 1989), for the proposition that the present insurance coverage dispute will not duplicate the state court proceedings. In *Holbrook*, Cincinnati Insurance Company issued uninsured motorist coverage to an insured who was injured in an traffic accident. The insured commenced an action in state court against a defendant who was "badly underinsured." Cincinnati Insurance Company then sought a determination in federal court that it did not owe underinsured motorist coverage to its insured. The Eleventh Circuit held that the district court abused its discretion in dismissing the declaratory judgment action, because the insurance company could be exposed "to a very substantial and perhaps a binding obligation for providing a defense [in state court] to [the underinsured motorist] without ... knowing whether it owes any such obligation." *Id.* at 1333. The court further found that "[t]he pending and possible future proceedings are not adequate in this case. They will not 'fully resolve this controversy.' They do not duplicate the capability of the federal court." *Id.*

*Holbrook* is thus distinguishable from the present action. The state court proceedings in *Holbrook* were not adequate, because the insurance company was not a named party to them. They were not duplicative, because coverage matters were not at issue. Rather, the only issue in the state court proceeding was the underinsured

11

defendant's liability to Cincinnati Insurance Company's insured. In the present action, Essex is a party to the state court proceedings, and coverage issues must be resolved for Essex to be liable in state court. Therefore, Essex only can be seeking a determination in this court for *res judicata* purposes in the state court proceedings.

### III. CONCLUSION

This court accordingly concludes that it would be uneconomical as well as vexatious to proceed with this action. All matters in controversy can be resolved in the pending state action. "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart v. Excess Insurance*, 316 U.S. at 495. This court is under no compulsion to exercise jurisdiction where the controversy can be settled just as, if not more, expeditiously in state court. Therefore, defendant's motion to dismiss is due to be granted. An order consistent with this memorandum of opinion shall be entered contemporaneously herewith.

DONE this _22 nd_ day of December, 1997.

United States District Judge

12